IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. : 9:14-cv-80941-WPD
(**DIMITROULEAS/SNOW**)

HILARY N. CHULOCK, ESQUIRE,

    Plaintiff,

v.

STEINGER, ISCOE & GREEN, P.A., a Florida
Professional Association
STEINGER, ISCOE, GREENE & McAFEE, P.A,
a Florida Professional Association,

    Defendants.

_____/

## Defendants' Amended Motion To Stay Proceedings and Compel Arbitration, Or Alternatively, Motion To Dismiss

Defendants, Steinger, Iscoe & Greene, P.A. ("SIG") and Steinger, Iscoe, Greene & McAfee, P.A. ("SIGM"), by and through their undersigned attorney, hereby file their Motion To Stay Proceedings and Compel Arbitration (also treated by Federal Courts as a Motion to Dismiss), or Alternatively, Motion to Dismiss the Amended Complaint filed by Plaintiff, Hilary N. Chulock, Esq. ("Chulock"), and state:

### I.    Introduction and Factual Background

Chulock was an employee of SIGM for a short period of four (4) months. SIGM terminated her on July 12, 2013 for making intentional misrepresentations to a physician's office concerning the amount of a personal injury settlement in an effort to induce the physician's office to accept a lower amount to satisfy a medical lien. When Chulock was questioned by SIGM, Chulock, in light of certain ethical violations, falsely accused SIGM and a paralegal at the SIGM firm for making such a representation.

After her termination, Chulock speciously filed a Charge for Discrimination with the EEOC against only SIG, not SIGM her actual employer.  The EEOC conducted no investigation and issued a Right to Sue Letter on January 3, 2014, approximately six (6) months after her termination.  While Chulock filed an Initial Statement of Claim, she was granted Leave from the arbitrator to file an Amended Statement of Claim attached hereto as **Ex. "A."**

In her Amended Statement of Claim, Chulock pleads or attempts to plead:

    A) A Whistle Blower Claim;

    B) A Gender Discrimination/Retaliation Claim; and

    C) An Unpaid Wage Claim.

In the unilaterally filed Amended Complaint (DE 8), Chulock attempts to state the following causes of action:

    A)  A Whistle Blower Claim;

    B)  Title VII Gender Discrimination Claim; and

    C)  Title VII Retaliation.

The Amended Statement of Claim in the Arbitration mirrors those claims in the Amended Federal Court Complaint (DE 8).  <u>Id</u>.  On April 17, 2013, Chulock executed her Employment Agreement with SIGM (the "Employment Agreement").  **Ex. "B."**  The Employment Agreement contains the following mandatory arbitration clause:

> <u>20. Arbitration</u>:  With the exception of any claim for temporary injunctive relief pursuant to paragraph 11, any controversy or claim arising out of or relating to any provision of this agreement or breach thereof, shall be settled by arbitration in Palm Beach County in accordance with the rules then in effect of the American Arbitration Association, to the extent consistent with the laws of the State of Florida. It is agreed that any party to any award rendered in any such arbitration proceedings may seek a judgment upon the award and that judgment may be entered thereon.

21. <u>Fees and Costs</u>: []In the event any litigation or arbitration arising out of this employment agreement or the employment relationship created hereby, the prevailing party shall be entitled to recover its reasonable attorneys' fees and actual out-of-pocket costs from the losing party, including fees and costs incurred litigating the amount of fees and costs to be taxed [].

On May 30, 2013, Chulock executed a Mandatory Agreement to Arbitrate Claims (the "Mandatory Arbitration Agreement"). **Ex. "C."** The Mandatory Arbitration Agreement provides, in pertinent part, that:

[] The claims covered by this Agreement include, but are not limited to, claims regarding or disputing the enforceability of this Agreement, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort or negligence claim; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity, or gender identity, or medical condition or disability); claims for "whistle blowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance and any type of damages in any form.

\*\*\*

As clearly set forth in the Employment Agreement and mandatory Arbitration Agreement attached hereto, there is no doubt this matter must be brought, maintained and concluded by arbitration, *to wit*: the active and ongoing arbitration initiated by Chulock herself. Despite the clear and unequivocal language of these agreements, Chulock unilaterally filed the Federal Court proceeding in an effort to strong-arm and extort monies from SIG and SIGM with the threat of making her bogus claims public. Arguably, a horrid abuse of process that will be subject to malicious prosecution.

There is no question that this action (DE 1) filed by Chulock in Federal Court must be stayed and arbitration compelled. The SIG parties have already been required to expend great resources to defend Chulock's bogus claims in arbitration. It is painfully

3

apparent that Chulock's claims are entirely non-viable in this forum. These claims are not merely frivolous, but legally impossible as this court cannot rewrite the Employment Agreement and Mandatory Arbitration Agreement executed by Chulock-it can only enforce them. Like the blind leading the blind, Chulock is leading Defendants and this Court down this fruitless path in the vain hope of circumventing the exclusivity of the arbitration provisions quoted above. Now, SIG and SIGM are obliged to follow at "great expense" in the process.

This conduct is the epitome of an attorney's reckless indifference to the frivolousness of the claims she is pursuing, especially when the contracts themselves specifically call for arbitration which Chulock herself initiated. Because Chulock saw her long sought prey —SIG and SIGM— slipping from her desired grasp in arbitration, she then filed this action in Federal Court for no other reason but to forum shop and attempt to force SIG and SIGM to settle the case or she would make the allegations public. SIG and SIGM have no reason to fear these allegations as they are unequivocally false.

## II.  Legal Authority and Argument, With Memorandum of Law

### a. Motion to Stay and Compel Arbitration

The aim of every court is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). Chulock's Amended Complaint (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1294-1295 (11th Cir. Fla. 2002). This is true despite the fact that Chulock certified

4

by filing the Amended Complaint that "[] she. . . conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." See Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

There is no reasonable-factual basis for Chulock to file a Complaint in Federal Court, when she herself initiated the arbitration proceeding, which is currently active with assigned AAA Arbitrator Mark A. Buckstein, Esq., located in Boca Raton, Florida. The Arbitration is ongoing.  Chulock was well aware that her claims relate to the period of time in which she was employed at SIGM and, therefore, are subject to arbitration, as required by the binding/mandatory arbitration clause(s).  While Chulock, a lawyer herself, was aware of the well-established precedent regarding enforcement of arbitration provisions, Chulock chose to prepare and file a Complaint and then an Amended Complaint in the Southern District of Florida in an effort to unilaterally cease arbitration altogether.  Chulock is well aware that she has no chance of success and will not advance an argument to change existing law where arbitration provisions are rigorously and historically enforced by this very court.  The claims asserted by Chulock in the Amended Complaint are covered, specifically, by the Arbitration Agreements. Chulock knows full well there is strong federal policy supporting arbitration agreements and the Federal Arbitration Act (hereinafter "FAA"), that of which governs the agreements at issue in this case. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219, 221 (1985); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

Chulock, a Florida licensed attorney, should have completed a simple search in a legal research platform (some of which are free) to discover that time and time again,

5

the Southern District of Florida has compelled parties to arbitrate cases in situations where a contract governing the relationship between the parties contains an arbitration provision.  See Mobile Media Cellular Corp. v. T-Mobile USA, Inc., 2013 U.S. Dist. LEXIS 46404, 7-14 (S.D. Fla. Mar. 25, 2013); Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co., 2012 U.S. Dist. LEXIS 188063, 10-11 (S.D. Fla. July 3, 2012); Depaoli v. Exotic Motorcars & Jewelry, Inc., 2008 U.S. Dist. LEXIS 70145, 3-8 (S.D. Fla. Sept. 15, 2008); Roberson v. Clear Channel Broad., Inc., 144 F. Supp. 2d 1371, 1372-1375 (S.D. Fla. 2001)(HONORABLE DIMITROULEAS).  In fact, Chulock would have uncovered that it is the law in the Eleventh Circuit that a party is under "no obligation to make a pre-suit demand for arbitration," even during EEOC proceedings.  See Roberson, 144 F. Supp. 2d at 1375, citing Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).

An elementary review of the Employment Agreement and the Mandatory Arbitration Agreement establishes that this case does not belong in Federal Court.  See supra; see also Peer v. Lewis, 606 F.3d 1306, 1312-14 (11th Cir. 2010) (Eleventh Circuit determined that claim was "objectively frivolous" when ample facts lead to the conclusion that there was no good faith basis to proceed with the filing of a federal lawsuit).

As set forth by the FAA, written agreements to arbitrate a dispute "shall be valid, irrevocable, and enforceable."  See 9 U.S.C. § 2.  A party aggrieved by the "failure, neglect or refusal of another to arbitrate under an otherwise valid arbitration clause" can seek an order from a court compelling arbitration as provided in the subject agreement. See 9 U.S.C. § 4.  Further, the FAA applies to "all employment contracts not specifically

exempted from the FAA (transportation workers)" including statutory claims, such as discrimination, as those at issue in Roberson. See Roberson, 144 F. Supp. 2d at 1375, *citing* Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). Even when the dispute involves the validity of an agreement containing an arbitration clause, this district recognizes that those challenges should also be resolved by an arbitrator and not the court. See Depaoli v. Exotic Motorcars & Jewelry, Inc., 2008 U.S. Dist. LEXIS 70145, 3-8 (S.D. Fla. Sept. 15, 2008).

When presented with a motion to compel arbitration, the court must address whether: a) there is a valid, written agreement containing an arbitration clause; b) does an arbitrable issue exist; and c) has the right to arbitration been waived. See Depaoli, S. Dist. LEXIS 70145 at 5 (S.D. Fla. Sept. 15, 2008), *citing* to Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999); Alexander v. Minton, 855 So. 2d 94, 96 (Fla. 2nd DCA. 2003) & Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985); Quiroz v. MSC Mediterranean Shipping Co., S.A., 2012 U.S. Dist. LEXIS 187516 (S.D. Fla. 2012)(staying and compelling arbitration)HONORABLE DIMITROULEAS)

All factors requiring this Court to compel arbitration are present in this case. First, the Employment Agreement and the Mandatory Arbitration Agreement demonstrate the existence of a valid written agreement containing an arbitration clause, one of which is all encompassing and is mandatory. Second, arbitrable issues exists, as the allegations in the Amended Complaint filed against SIG are controversies that arise out of the contractual relationship between SIG/SIGM and Chulock, and involve matters that occurred during the employment relationship between Chulock and SIGM, all of which

7

are governed by the arbitration clauses. As stated by the Supreme Court in <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,</u> 473 U.S. at 626 (1985), "any doubts concerning the scope of the right to arbitrate must be resolved in favor of arbitration." <u>Id</u>. The language of the applicable arbitration clause controls. <u>See</u> <u>World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc</u>., 517 F.3d 1240, 1245 (11th Cir. 2008). In this case, the arbitration provision in the Employment Agreement requires the parties to submit to arbitration the following:

> **20. Arbitration**: With the exception of any claim for temporary injunctive relief pursuant to paragraph 11, ***any controversy or claim*** arising out of or relating to any provision of this agreement or breach thereof, ***shall*** be settled by arbitration in Palm Beach County in accordance with the rules then in effect of the American Arbitration Association, to the extent consistent with the laws of the State of Florida. It is agreed that any party to any award rendered in any such arbitration proceedings may seek a judgment upon the award and that judgment may be entered thereon.

<u>See</u> Employment Agreement attached hereto *supra*.

> **21. Fees and Costs:** []In the event any litigation or arbitration arising out of this employment agreement or the employment relationship created hereby, the prevailing party shall be entitled to recover its reasonable attorneys' fees and actual out-of-pocket costs from the losing party, including fees and costs incurred litigating the amount of fees and costs to be taxed [].

<u>Id</u>.

> The Mandatory Arbitration Agreement provides, in pertinent part, that:
>
> [] The claims covered by this Agreement include, but are not limited to, claims regarding or disputing the enforceability of this Agreement, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); ***claims for personal, physical, or emotional injury, or for any tort*** or negligence claim; ***claims for discrimination or harassment*** (including, but not limited to, race, ***sex***, religion, national origin, age, marital status, sexual orientation, ***gender*** identity, or gender identity, or medical condition or disability); claims for

8

> ***"whistle blowing" or retaliation***; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance and any type of damages in any form.

\*\*\*

See Mandatory Arbitration Agreement, p.1.

> [] Except as provided for in this Agreement, the **Federal Arbitration Act** shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. []

\*\*\*

Similar to the Order entered in Mobile Media Cellular Corp. v. T-Mobile USA, Inc., 2013 U.S. Dist. LEXIS 46404, 7-14 (S.D. Fla. Mar. 25, 2013), *citing* to Jackson v. The Shakespeare Foundation, Inc. 108 So. 3d 587 (Fla. 2013), where the Court found that in a fraud claim the action had a "clear contractual nexus, and thus a significant relationship with the contract" and was therefore an action subject to arbitration, the allegations made here by Chulock demonstrate a clear nexus to the Employment Contract and the Mandatory Arbitration Agreement. SIG and SIGM have not waived their rights to arbitration. Similar to the facts in Alexander, 855 So. 2d at 96, SIG and SIGM have moved to compel arbitration at its earliest opportunity. Involvement in these federal proceedings has been defensive in nature and entitlement to arbitration has always been claimed. See Alexander, 855 So. 2d at 96. Therefore, in accordance with the strict construction of the FAA and the extensive precedent requiring trial courts to compel arbitration, starting with the United States Supreme Court cases cited herein, the Eleventh Circuit cases, and decisions in this District, SIG and SIGM respectfully requests this Court to grant this motion to compel arbitration.

Chulock has not incurred any expenses in arbitration as SIGM has paid for same. See **Ex. "D,"** SIGM Check to AAA. Likewise, Chulock may seek review of any

9

arbitration award sufficient to protect any alleged federal-statutory rights. See *e.g.*, Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1260 (11th Cir. 2003); Sims v. Clarendon Nat'l Ins. Co., 336 F. Supp. 2d 1311, 1324 (S.D. Fla. 2004). Chulock does not have any such federal statutory right that is incapable of vindication through arbitration. John B. Goodman Limited Partnership v. The Construction, Inc., 321 F.3d 1094, 1095-97 (11th Cir. 2003)("a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute"; holding that it was for the arbitration panel, not the court, to determine whether underlying contracts were enforceable under state law); Bess v. Check Express, 294 F.3d 1298, 1304-06 (11th Cir. 2002)(holding that allegation that deferred payment contract was void ab initio constituted challenge to substance rather than existence of contract containing arbitration clause and therefore was for the arbitrator, not the court, to determine); Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir. 1992) ("Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general").

### III.    Conclusion

Unfortunately, it is all too common that parties subject to arbitration agreements abuse our system of justice to extort money from Defendants who have little choice but to spend tremendous sums defending these types of frivolous claims. All too often,

Plaintiffs act off of emotions and file these frivolous actions without first digesting the repercussions of doing same.

Here, this court has ringside seats to the abuse and frivolity of Chulock's claims from the very outset of this litigation (i.e., we do not have to wait and see what is obvious at a high cost to Defendants and at the expense of our judicial system).  Today, this court has the obligation to prevent multi-hour hearings and motion practice by rigorously enforcing arbitration agreements as it has historically done in the past.  See supra.  The message will be either that such behavior will not be tolerated in this District, and when it occurs the lawyer responsible will be required to bear the consequences of her actions, or that lawyers in this District can feel free to use their law license to file baseless claims and extort money in the face of arbitration agreements, as there will be no consequence for the intentional and knowing pursuit of baseless, frivolous or even impossible claims.

Considering John B. Goodman Limited Partnership, 321 F.3d at 1094, and the "liberal federal policy favoring arbitration agreements." Moses H. Cone Memorial Hospital, 460 U.S. at 24-25 HN12 ("questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration …. any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").  As such, the action should be stayed and arbitration compelled or, alternatively, dismissed for lack of subject-matter jurisdiction.

WHEREFORE, SIG and SIGM move this court for an order staying this matter and compelling arbitration, awarding entitlement to attorneys' fees and reserving jurisdiction to determine the amount of attorneys' fees awarded and for such other and

further relief as this court deems just and proper including, the alternative relief sought, dismissal of said action.

## Certification

I HEREBY CERTIFY, pursuant to Rule 7.1(a)(3) of the Local Rules of the United States Southern District of Florida, counsel for Defendants made reasonable efforts to confer with counsel for the Plaintiff regarding the fact of this motion, but Chulock and her firm refused to withdraw the action and/or stay and compel arbitration.

Pike & Lustig, LLP
----------TURNPIKE LAW ®----------
/s/ Michael J. Pike
Michael J. Pike
Florida Bar No.: 617296
pike@turnpikelaw.com
Daniel Lustig
Florida Bar No.: 059225
daniel@turnpikelaw.com

2465 Mercer Avenue, Suite 204
West Pam Beach, FL 33401
Telephone: (561) 855-7585
Facsimile:  (561) 855-7710
pleadings@turnpikelaw.com

## Certificate Of Service

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using CM/ECF and that the documents will be served electronically via CM/ECF to the parties listed on the Service List attached on this 6th day of August, 2014.

Pike & Lustig, LLP
----------TURNPIKE LAW ®----------
/s/ Michael J. Pike

Michael J. Pike
Florida Bar No.: 617296
pike@turnpikelaw.com
Daniel Lustig
Florida Bar No.: 059225
daniel@turnpikelaw.com

2465 Mercer Avenue, Suite 204

West Pam Beach, FL 33401
Telephone: (561) 855-7585
Facsimile:  (561) 855-7710
pleadings@turnpikelaw.com

**SERVICE LIST**

Hilary N. Chulock, Esquire
The People's Law Firm, PLLC
Fla. Bar No.: 672602
935 NE 125th Street
North Miami, FL 33461
Telephone: 305-332-1064
Facsimile: 305-382-0457
E-mail: hchulock@icloud.com