IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. :  9:14-cv-80941-WPD

HILARY N. CHULOCK, ESQUIRE,

    Plaintiff,

v.

STEINGER, ISCOE & GREEN, P.A., a Florida
Professional Association
STEINGER, ISCOE, GREENE & McAFEE, P.A,
a Florida Professional Association,

    Defendants.

_____/

### Defendants' Motion for Rule 11 Sanctions As To Amended Complaint

Defendants, Steinger, Iscoe & Greene, P.A. ("SIG") and Steinger, Iscoe, Greene & McAfee, P.A. ("SIGM"), by and through their undersigned attorney and pursuant to Fed.R.Civ.P.11, hereby file there Motion for Rule 11 Sanctions against Plaintiff, Hilary Chulock, Esq. ("Chulock") and her law firm, The People's Law Firm, PLLC[1], and state:

#### I.    Introduction and Factual Background

Chulock was an employee of SIGM for a short period of four (4) months.  SIGM terminated her on July 12, 2013 for making intentional misrepresentations to a physician's office concerning the amount of a personal injury settlement in an effort to induce the physician's office to accept a lower amount to satisfy a medical lien.  When

---

[1] The People's Law Firm, PLLC has the same address as Chulock utilizes in her pleadings, the same e-mail address referenced in her pleading and the same contact information as setout on the Florida Bar Website, www.flabar.org. Therefore, The People's Law Firm, PLLC is one in the same as Chulock and cannot be insulated from liability by omission and joint responsibility as provided in Rule 11(c)(1).

Chulock was questioned by SIGM, Chulock, in light of certain ethical violations, falsely accused SIGM and a paralegal at the SIGM firm for making such a representation.

After her termination, Chulock speciously filed a Charge for Discrimination with the EEOC against only SIG, not SIGM her actual employer. The EEOC conducted no investigation and issued a Right to Sue Letter on January 3, 2014, approximately six (6) months after her termination. While Chulock filed an Initial Statement of Claim, she was granted Leave to file from the arbitrator to file an Amended Statement of Claim attached hereto as **Ex. "A."**

In her Amended Statement of Claim, Chulock pleads or attempts to plead:

    A) A Whistle Blower Claim;

    B) A Gender Discrimination/Retaliation Claim; and

    C) An Unpaid Wage Claim.

In her unilaterally filed the Amended Complaint (DE 8), Chulock attempts to state the following causes of action:

    A) A Whistle Blower Claim;

    B) Title VII Gender Discrimination Claim; and

    C) Title VII Retaliation.

The Amended Statement of Claim in the Arbitration mirrors those claims in the Amended Federal Court Complaint (DE 8). Id. On April 17, 2013, Chulock executed her Employment Agreement with SIGM (the "Employment Agreement"). **Ex. "B."** The Employment Agreement contains the following mandatory arbitration clause:

> 20. Arbitration: With the exception of any claim for temporary injunctive relief pursuant to paragraph 11, any controversy or claim arising out of or relating to any provision of this agreement or breach thereof, shall be settled by arbitration in Palm Beach County in accordance with the rules

then in effect of the American Arbitration Association, to the extent consistent with the laws of the State of Florida. It is agreed that any party to any award rendered in any such arbitration proceedings may seek a judgment upon the award and that judgment may be entered thereon.

21. <u>Fees and Costs</u>: []In the event any litigation or arbitration arising out of this employment agreement or the employment relationship created hereby, the prevailing party shall be entitled to recover its reasonable attorneys' fees and actual out-of-pocket costs from the losing party, including fees and costs incurred litigating the amount of fees and costs to be taxed [].

On May 30, 2013, Chulock executed a Mandatory Agreement to Arbitrate Claims (the "Mandatory Arbitration Agreement").  **Ex. "C."**  The Mandatory Arbitration Agreement provides, in pertinent part, that:

[] The claims covered by this Agreement include, but are not limited to, claims regarding or disputing the enforceability of this Agreement, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort or negligence claim; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity, or gender identity, or medical condition or disability); claims for "whistle blowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance and any type of damages in any form.
\*\*\*

As clearly set forth in the Employment Agreement and mandatory Arbitration Agreement attached hereto, there is no doubt this matter must be brought, maintained and concluded by arbitration, *to wit*: the active and ongoing arbitration initiated by Chulock herself.  Despite the clear and unequivocal language of these agreements, Chulock unilaterally filed the Federal Court proceeding in an effort to strong-arm and extort monies from SIG and SIGM with the threat of making her bogus claims public. Arguably, a horrid abuse of process that will be subject to malicious prosecution.

There is no question that this action (DE 1) filed by Chulock in Federal Court must be stayed and arbitration compelled. The SIG parties have already been required to expend great resources to defend Chulock's bogus claims in arbitration. It is painfully apparent that Chulock's claims are entirely non-viable in this forum. These claims are not merely frivolous, but legally impossible as this court cannot rewrite the Employment Agreement and Mandatory Arbitration Agreement executed by Chulock-it can only enforce them. Like the blind leading the blind, Chulock is leading Defendants and this Court down this fruitless path in the vain hope of circumventing the exclusivity of the arbitration provisions quoted above. Now, SIG and SIGM are obliged to follow at "great expense" in the process.

This conduct is the epitome of an attorney's reckless indifference to the frivolousness of the claims she is pursuing, especially when the contracts themselves specifically call for arbitration which Chulock herself initiated. Because Chulock saw her long sought prey —SIG and SIGM— slipping from her desired grasp in arbitration, she then filed this action in Federal Court for no other reason but to forum shop and attempt to force SIG and SIGM to settle the case or she would make the allegations public. SIG and SIGM have no reason to fear these allegations as they are unequivocally false.

## II. Legal Authority and Argument, With Memorandum of Law

### a. Motion to Stay and Compel Arbitration

Rule 11 of the Federal Rules of Civil Procedure was established to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). Chulock's

Amended Complaint (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1294-1295 (11th Cir. Fla. 2002). This is true despite the fact that she certified by filing same that "[] she. . . conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." See Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

There is no reasonable-factual basis for Chulock to file a Complaint in Federal Court, when she herself initiated the arbitration proceeding, which is currently active with assigned AAA Arbitrator Mark A. Buckstein, Esq., located in Boca Raton, Florida. Chulock was well aware that her claims relate to the period of time in which she was employed at SIGM and, therefore, are subject to arbitration, as required by the binding/mandatory arbitration clause(s).  While Chulock, a lawyer herself, was aware of the well-established precedent regarding enforcement of arbitration provisions, Chulock chose to prepare and file a Complaint in the Southern District of Florida in an effort to unilaterally cease arbitration altogether.  Chulock is well aware that she has no chance of success and will not advance an argument to change existing law where arbitration provisions are rigorously and historically enforced by this very court.  Chulock knows full well there is strong federal policy supporting arbitration agreements and the Federal Arbitration Act (hereinafter "FAA"). See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219, 221 (1985); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

Chulock, a Florida licensed attorney, should have completed a simple search in a legal research platform (some of which are free) to discover that time and time again, the Southern District of Florida has compelled parties to arbitrate cases in situations where a contract governing the relationship between the parties contains an arbitration provision. See Mobile Media Cellular Corp. v. T-Mobile USA, Inc., 2013 U.S. Dist. LEXIS 46404, 7-14 (S.D. Fla. Mar. 25, 2013); Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co., 2012 U.S. Dist. LEXIS 188063, 10-11 (S.D. Fla. July 3, 2012); Depaoli v. Exotic Motorcars & Jewelry, Inc., 2008 U.S. Dist. LEXIS 70145, 3-8 (S.D. Fla. Sept. 15, 2008); Roberson v. Clear Channel Broad., Inc., 144 F. Supp. 2d 1371, 1372-1375 (S.D. Fla. 2001). In fact, Chulock would have uncovered that it is the law in the Eleventh Circuit that a party is under "no obligation to make a pre-suit demand for arbitration," even during EEOC proceedings. See Roberson, 144 F. Supp. 2d at 1375, *citing* Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).

b. **Chulock and Her Firm Were Were Aware That The Pleadings Signed Were Frivolous**

At the time Chulock filed the Complaint against SIG and SIGM, Chulock was aware she was proceeding in bad faith and for an improper purpose not remotely cognizable under the law. See *supra*. An elementary review of the Employment Agreement and the Mandatory Arbitration Agreement, by even a first-year lawyer, establishes this case does not belong in Federal Court. See *supra*; see also Peer v. Lewis, 606 F.3d 1306, 1312-14 (11th Cir. 2010) (Eleventh Circuit determined that claim was "objectively frivolous" when ample facts lead to the conclusion that there was no good faith basis to proceed with the filing of a federal lawsuit).

The primary objective of Rule 11 is to provide "a litigant pause to stop, think, and investigate more carefully before filing papers, thereby streamlining the administration and procedure of the federal courts." See Homecare CRM, LLC v. Adam Group, Inc., 952 F. Supp. 2d 1373, 1384-1385 (N.D. Ga. 2013) *citing* to Noe v. Interstate Brands Corp., 188 F.R.D. 513, 515 (S.D. Ind. 1999).  An attorney has "a continuing obligation to make inquiries" and sanctions may be imposed when an attorney "insist[s] upon a position after it is no longer tenable. Id., at 1385 *citing* to Battles v. City of Fort Myers, 127 F.3d 1298, 1300  (11th Cir. 1997) (*quoting* Fed. R. Civ. P. 11 advisory committee's note). Here, Chulock created her own rules and legal theories, and is now attempting to seek enforcement of claims that can only be brought and continued in arbitration.

Furthermore, Rule 11 further provides:

> (c) Sanctions.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> See Fed. R. Civ. P. 11(c).

Sanctions are warranted when a party exhibits a "deliberate indifference to **obvious** facts[…]" See Riccard, 307 F.3d at 1294. The language of Rule 11 provides for an award of the expenses directly caused by the sanctionable filing.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406, (1990). According to precedent in this District, imposition of a financial penalty will be the most effective and fair means of enforcing Rule 11 violations and deterring frivolous lawsuits. See Peer v. Lewis, 2013 U.S. Dist.

LEXIS 48287, 16-17 (S.D. Fla. Apr. 3, 2013). As stated by Peer while citing to McGinnis v. Ingram Equip. Co, 918 F.2d 1491, 1496 (11th Cir. 1990), the purpose of Rule 11 sanctions is to deter the filing of a frivolous complaint. Id. This is especially true when Chulock and her firm knew or should have known through diligent research that her claims are not sustainable in this forum, lack merit and are subject to arbitration.

### III. Conclusion

Unfortunately, it is all too common that parties subject to arbitration agreements abuse our system of justice to extort money from Defendants who have little choice but to spend tremendous sums defending these types of frivolous claims, which will undoubtedly be sent back to arbitration. Here, this court has ringside seats to the abuse and frivolity of Chulock's claims from the very outset of this litigation (i.e., we do not have to wait and see what is obvious at a high cost to Defendants and at the expense of our judicial system). Today, this court has the obligation to prevent multi-hour hearing and motion practice by rigorously enforcing arbitration agreements as it has historically done in the past. The message will be either that such behavior will not be tolerated in this district, and when it occurs the lawyer responsible will be required to bear the consequences of her actions, or that lawyers in this District can feel free to use their law license to file baseless claims and extort money in the fact of arbitration agreements, as there will be no consequence for the intentional and knowing pursuit of baseless, frivolous or even impossible claims.

WHEREFORE, SIG and SIGM move this court for an order awarding entitlement to Rule 11 Sanctions against Chulock and her firm, collectively and permitted under

Rule 11(c)(1), reserving jurisdiction to determine the amount of attorneys' fees awarded and for such other and further relief as this court deems just and proper.

### Certification

I HEREBY CERTIFY, pursuant to Rule 7.1(a)(3) of the Local Rules of the United States Southern District of Florida, counsel for Defendants made reasonable efforts to confer with counsel for the Plaintiff regarding the fact of this motion and sent the required 21 day safe-harbor letter, required under Rule 11(c) attached hereto as **Exhibit "D,"** but Chulock and her firm refused to withdraw the action on a timely basis.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®----------
**/s/ Michael J. Pike**
**Michael J. Pike**
**Florida Bar No.: 617296**
**pike@turnpikelaw.com**
**Daniel Lustig**
**Florida Bar No.: 059225**
**daniel@turnpikelaw.com**

**2465 Mercer Avenue, Suite 204**
**West Pam Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile:  (561) 855-7710**
**pleadings@turnpikelaw.com**

### Certificate Of Service

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using CM/ECF and that the documents will be served electronically via CM/ECF to the parties listed on the Service List attached on this __18TH____ day of August, 2014.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®----------
**/s/ Michael J. Pike**

**Michael J. Pike**
**Florida Bar No.: 617296**
**pike@turnpikelaw.com**
**Daniel Lustig**
**Florida Bar No.: 059225**
**daniel@turnpikelaw.com**

2465 Mercer Avenue, Suite 204
West Pam Beach, FL 33401
Telephone: (561) 855-7585
Facsimile:  (561) 855-7710
pleadings@turnpikelaw.com

**SERVICE LIST**

Hilary N. Chulock, Esquire
The People's Law Firm, PLLC
Fla. Bar No.: 672602
935 NE 125th Street
North Miami, FL 33461
Telephone: 305-332-1064
Facsimile: 305-382-0457
E-mail: hchulock@icloud.com