IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. :  9:14-cv-80941-WPD

HILARY N. CHULOCK, ESQUIRE,

    Plaintiff,
v.

STEINGER, ISCOE & GREEN, P.A., a Florida
Professional Association
STEINGER, ISCOE, GREENE & McAFEE, P.A,
a Florida Professional Association,

    Defendants.

_____/

**Defendants' Response In Opposition To Plaintiff's Motion For Sanctions And Motion To Strike Said Motion For Sanctions (DE 31) Pursuant To Federal Rule Of Civil Procedure 11**

Defendants, Steinger, Iscoe & Greene, P.A. ("SIG") and Steinger, Iscoe, Greene & McAfee, P.A. ("SIGM"), by and through their undersigned attorney and pursuant to Fed.R.Civ.P.11 and the case law cited herein, hereby file their Response in Opposition and Motion to Strike Plaintiff, Hilary Chulock, Esq.'s ("Chulock") Motion for Emergency Hearing and Sanctions for Ongoing Harassment, Witness Tampering; Motion to Take Limited Discovery, and Request for Extension of Time to Respond to Defendants' Motion to Compel Arbitration/Motion to Dismiss (DE 31)(hereinafter, the "Motion for Sanction"), and state:[1]

I.    **Introduction and Factual Background**

---

[1] Chulock's request for an Emergency Hearing was denied. Likewise, Chulock's request for an extension of time to Respond to Defendants' Motion to Compel Arbitration and Motion to Dismiss was denied. Therefore, despite the mythical fiction(s) presented in Chulock's Motion for Sanctions and the non-sensical allegations therein, Defendants will endeavor to respond to the remaining Motion for Sanctions in a practical and legally sufficient manner.

As to the Order to Show cause, the undersigned computes and stores files using a cloud based computing system that he could not access yesterday in an effort to file the attached, but was immediately accessed this morning by the filing of said response in opposition. That said, Chulock has not strictly complied with Rule 11 as espoused below and no private right of action exits under 18 USC 1512.

Chulock was an employee of SIGM for a short period of four (4) months. On April 17, 2013, Chulock executed her Employment Agreement with SIGM (the "Employment Agreement"). The Employment Agreement contains a mandatory arbitration clause. Section 20. On May 30, 2013, Chulock executed a Mandatory Agreement to Arbitrate Claims (the "Mandatory Arbitration Agreement").

SIGM rightfully terminated her on July 12, 2013 for making intentional misrepresentations to a physician's office concerning the amount of a personal injury settlement in an effort to induce the physician's office to accept a lower amount to satisfy a medical lien. When Chulock was questioned by SIGM, Chulock, in light of certain ethical violations, falsely accused SIGM and a paralegal at the SIGM firm for making such a representation. After her termination, Chulock speciously filed a Charge for Discrimination with the EEOC against only SIG, not SIGM her actual employer. The EEOC conducted no investigation and issued a Right to Sue Letter on January 3, 2014, approximately six (6) months after her termination. The Amended Statement of Claim in the Arbitration mirrors those claims in the Amended Federal Court Complaint (DE 8) that Chulock filed against SIG and SIGM. Id.

Notably, it was Chulock that filed this Federal Action and brought it into the public realm just as she intended, despite the arbitration provisions above. Now, after the

filing of this Federal Lawsuit, Chulock claims she has been defamed in pleadings and in Rule 11 Motions by the undersigned and his clients.  While the statements alleged to be defamatory do not meet the standard, even if those statements were defamatory, said statements were (1) made in a pleading related to this matter, (2) made in defense of this spurious litigation brought by Chulock and (3) were made directly to Chulock by the undersigned in e-mail communications whereby no third-party had access to said e-mail(s) until, of course, Chulock herself made them part of this public file.  See *infra*.  As such, Florida's Litigation privilege clearly provides a complete bar to any statements Chulock claims are defamatory.  See *infra*.

Chulock's Motion for Sanctions is simply yet another paper presented to this Court requesting meritless and legally insufficient relief with an absence of supporting case law.  Chulock's allegations of "hang-up" phone calls and being asked to hold "a white sheet of paper in a window" to confirm whether she had a home-security system and was "home alone" are allegations made for John Grisham's fictional-thriller novels.

That said, the Motion for Sanctions should be stricken and/or denied for, among other things, failing to comply with the strict construction of Fed.R.Civ.Pro. 11 including, but not limited to, failing to provide the undersigned and Defendants with the required 21 days safe harbor period and by filing the Motion for Sanctions coupled with other motions and requested relief in violation  of Rule 11(c)(2).

## II.     Legal Authority and Argument, With Memorandum of Law

### a.  Response in Opposition and Motion to Strike Chulock's Motion for Sanctions

#### (i)     Rule 11

While not abundantly clear from her allegations, Chulock's Omnibus Motion appears to seek sanctions against the undersigned and the Defendants. Due to the remarkable absence of supporting case law by Chulock, a lawyer licensed to practice in Florida and before this court, her intent to seek sanctions can only be determined from the specific requests for sanctions on page 11 of DE 31 and in the "wherefore" clause located on page 14 of DE 31.

Rule 11 of the Federal Rules of Civil Procedure provides the federal vehicle for sanctions and was established to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). Chulock's Motion for Sanctions (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1294-1295 (11th Cir. Fla. 2002).

The motion for Rule 11 sanctions is clearly unfounded. "This is so because. . . the plaintiff. . .failed to comply with the Rule 11 provision requiring 21 days' notice and an opportunity to cure before a party files a Rule 11 motion." Phillips v. BP LPC, 2010 U.S. Dist. LEXIS 84432; 2010 WL 3257737 (N.D. Fla. 2010). A motion for sanctions must be made separately from any other motion. Fed.R.Civ.P. 11(c)(2). The motion must be served under Fed. R. Civ. P. 5, but it must not be filed or be presented to the court if the challenged material is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Id. Failure to give the required 21-day notice forecloses Rule 11 sanctions. Id; see also BCJJ, LLC v. Lefevre, 2012 U.S. Dist. LEXIS 111122; 2012 WL 3262866 (M.D. Fla. 2012); Geico Gen. Ins. Co. v.

Hampel, 2012 U.S. Dist. LEXIS 7862, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012) ("Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'" (*quoting* In re Pratt, 524 F.3d 580, 588 (5th Cir. 2008)); Miller v. RelationServe, Inc., 2006 U.S. Dist. LEXIS 87139, 2006 WL 5849318, at *6 (S.D. Fla. Dec. 1, 2006) ("[I]n this Circuit the procedural requirements of Rule 11 must . . . be strictly construed.").

Here, Chulock will not be able to show that she gave the required 21-day safe harbor period nor did Chulock file the Motion for Sanctions separately as required by Fed.R.Civ.P. 11(c)(2). As such, the Motion should be denied and stricken.

### (ii)    18 USC 1512

The Motion for Sanctions refers to §1512 which criminalizes tampering with a witness, victim, or an informant. Shahin v. Darling,606 F. Supp. 2d 525,2009 U.S. Dist. LEXIS 26956(D. Del.2009).  Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C. § 1512. Joynes v. Meconi, Civ. No. 05-332-GMS, 2006 U.S. Dist. LEXIS 71296, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006); see Baker v. City of Hollywood, Civ. No. 08-60294-CIV, 2008 U.S. Dist. LEXIS 49315, 2008 WL 2474665, at *9 (S.D. Fla. June 17, 2008); Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997). Accordingly, the court should deny and strike all claims raised under §1512 as requested herein and stated in the case law above.  Blessing v. Freestone, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997) (citation omitted). Nothing in 18 U.S.C. § 1512 suggests that it creates a private right of action. See, e.g., Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."); Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex.

1997) (holding the plaintiff had no private cause of action under 18 U.S.C. § 1512) (citations omitted). Roberts v. Choate Constr. Co., 2011 U.S. Dist. LEXIS 121551,2011 WL 5006469(M.D. Fla. Oct. 20, 2011).

### (iii) Defamation

Florida's litigation privilege, which provides litigation participants with absolute immunity for acts occurring during the course of judicial proceedings extends to all acts that have some relation to the proceeding. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994); See also Huls v. Llabona,437 Fed. Appx. 830,2011 U.S. App. LEXIS 16986(11th Cir. Fla. 2011). Absolute immunity is provided regardless as to whether the act was defamatory or not. Coursen v. JP Morgan Chase & Co., 2013 U.S. Dist. LEXIS 144310,24 Fla. L. Weekly Fed. D 143,2013 WL 5437348(M.D. Fla. June 25, 2013). Plaintiff has failed to satisfy the above standard, and has not provided any proof whatsoever that any of the alleged statements were not made in connection with this litigation and, in fact, those statements were made in motions or papers filed with the court and in separate e-mails sent to Plaintiff for which she published.

### III. Conclusion

Unfortunately, it is all too common that parties subject to arbitration agreements abuse our system of justice to and attempt to leverage money from Defendants who have little choice but to spend tremendous sums defending these types of frivolous claims, which will undoubtedly be sent back to arbitration.

WHEREFORE, SIG and SIGM move this court for an order awarding entitlement to prevailing party Rule 11 Sanctions against Chulock, denying and striking the request

for sanctions, reserving jurisdiction to determine the amount of attorneys' fees awarded and for such other and further relief as this court deems just and proper.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®----------
**/s/ Michael J. Pike**
**Michael J. Pike**
**Florida Bar No.: 617296**
**pike@turnpikelaw.com**
**Daniel Lustig**
**Florida Bar No.: 059225**
**daniel@turnpikelaw.com**

**2465 Mercer Avenue, Suite 204**
**West Pam Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile:  (561) 855-7710**
**pleadings@turnpikelaw.com**

## Certificate Of Service

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using CM/ECF and that the documents will be served electronically via CM/ECF to the parties listed on the Service List attached on this 9th day of September, 2014.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®----------
**/s/ Michael J. Pike**

**Michael J. Pike**
**Florida Bar No.: 617296**
**pike@turnpikelaw.com**
**Daniel Lustig**
**Florida Bar No.: 059225**
**daniel@turnpikelaw.com**

**2465 Mercer Avenue, Suite 204**
**West Pam Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile:  (561) 855-7710**
**pleadings@turnpikelaw.com**

**SERVICE LIST**

**Hilary N. Chulock, Esquire**

**The People's Law Firm, PLLC**
**Fla. Bar No.: 672602**
**935 NE 125th Street**
**North Miami, FL 33461**
**Telephone: 305-332-1064**
**Facsimile: 305-382-0457**
**E-mail: hchulock@icloud.com**