IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. :  9:14-cv-80941-WPD

HILARY N. CHULOCK, ESQUIRE,

    Plaintiff,
v.

STEINGER, ISCOE & GREEN, P.A., a Florida
Professional Association
STEINGER, ISCOE, GREENE & McAFEE, P.A,
a Florida Professional Association,

    Defendants.

_____/

**Defendants' Response To the Magistrate's Order to Show Cause [DE 41]**

    Defendants, Steinger, Iscoe & Greene, P.A. ("SIG") and Steinger, Iscoe, Greene & McAfee, P.A. ("SIGM"), by and through their undersigned attorney, hereby file their Response to the Judge's Order to Show Cause:

**Response**

    As to the Order to Show cause [DE 41], the undersigned computes, stores files and files documents using a cloud based computing system that he could not access yesterday evening in an effort to timely file the attached, but same was immediately accessed this morning as evidenced by the filing of said response in opposition which was obviously fully briefed with supporting case law and argument well before today. As such, given the quick filing of the Opposition Motion after gaining full access to the undersigned's computer-network system, good cause has been shown sufficient to

accept the Opposition Motion [DE 42] and for this court to determine same on the merits.  See e.g., Rule 6 (b)(1)(A).

In Delta Health Group, Inc. v. Royal Surplus Lines Ins. Co., 2008 U.S. Dist. LEXIS 7603, 2008 WL 299057 (N.D. Fla. Feb. 1, 2008), the Court ruled that an Opposition Motion filed four (days) late and the affidavits attached thereto should be considered on the merits.  Id.  Likewise, the Opposition Motion filed by Defendants should also be considered on the merits since it was filed only one (1) day late and shortly after the Order to Show Cause was entered by the Court of even date.  In re Engle Cases, 2011 U.S. Dist. LEXIS 152743, Fn1 (M.D. Fla. Sept. 21, 2011)(Fn1 – "Although the Opposition was filed one day late the Court will accept it as timely.")  Id.  "Because it is most consistent with the interest of judicial economy, the Court will exercise its discretion to consider the merits of these Defendants' Motion to Dismiss in this Omnibus Order," and hear the motion even in light of filing same four (4) days late.  Baker v. City of Hollywood, 2008 U.S. Dist. LEXIS 49315 (S.D. Fla. June 17, 2008).  "While the motion may have been untimely under Fed. R. Civ. P. 6, it was filed only one day late and defendant did not suffer undue prejudice [and, therefore,] the Court will nevertheless consider the merits."  Burns v. City of Cape Coral, 2011 U.S. Dist. LEXIS 60591, 2011 WL 2222169 (M.D. Fla. June 7, 2011).

Likewise, in Matia v. Carpet Transport, Inc., 888 F.2d 118, 121, 1989 U.S. App. LEXIS 17166, 8 (11th Cir. 1989), the court found that even though a motion for summary judgment was filed approximate six (6) months late in violation of the local rules, same should be considered on the merits.  See also Kluge v. Smukler Servs., 2013 U.S. Dist. LEXIS 165032, 2013 WL 6169214 (S.D. Fla. Nov. 20, 2013)("As

for Kluge's argument that the Court should deny Defendants' Motion because it was untimely filed, the Court similarly declines to accept Kluge's invitation. The deadline for filing all dispositive motions was August 26, 2013[]. Defendants filed their Motion for Summary Judgment on August 27, 2013, at 1:35 a.m. — ninety-five minutes after the deadline.").

There is no undue prejudice or undue delay as a result of this court considering Defendants' Opposition Motion (DE 42) on the merits, which was only filed a day late or, arguably, hours after the due date as a result of computer-networking issues. <u>See</u> Affidavit of Michael Pike. **Exhibit "A"** setting forth good course to consider the Opposition Motion consistent with the case law espoused herein.  Further, this court should consider the merits of the Opposition Motion for purposes of judicial economy and reach the merits of the Opposition Motion and Incorporated Memorandum of Law based on the federal decisions cited above.

WHEREFORE, SIG and SIGM move this court for an order accepting the Opposition Motion [DE 42] as timely filed, considering same of the merits and statutory construction, and for such other and further relief as this court deems just and proper.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®-----------
**/s/ Michael J. Pike**
**Michael J. Pike**
**Florida Bar No.: 617296**
**pike@turnpikelaw.com**
**Daniel Lustig**
**Florida Bar No.: 059225**
**daniel@turnpikelaw.com**

**2465 Mercer Avenue, Suite 204**
**West Pam Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile:  (561) 855-7710**

pleadings@turnpikelaw.com

## Certificate Of Service

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using CM/ECF and that the documents will be served electronically via CM/ECF to the parties listed on the Service List attached on this 9th day of September, 2014.

**Pike & Lustig, LLP**
----------TURNPIKE LAW ®----------
**/s/ Michael J. Pike**

**Michael J. Pike**
**Florida Bar No.: 617296**
pike@turnpikelaw.com
**Daniel Lustig**
**Florida Bar No.: 059225**
daniel@turnpikelaw.com

**2465 Mercer Avenue, Suite 204**
**West Pam Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile: (561) 855-7710**
pleadings@turnpikelaw.com

**SERVICE LIST**

**Hilary N. Chulock, Esquire**
**The People's Law Firm, PLLC**
**Fla. Bar No.: 672602**
**935 NE 125th Street**
**North Miami, FL 33461**
**Telephone: 305-332-1064**
**Facsimile: 305-382-0457**
**E-mail: hchulock@icloud.com**