UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

HILARY CHULOCK,  CASE NO: 9:14-CV-80941

DIMITRIOULEAS/SNOW

Plaintiff,

v.

STEINGER, ISCOE & GREENE, P.A.
and STEINGER ISCOE GREENE &
MCAFEE, P.A.,

Defendants.

_____/

### Response to Defendants' Motion for Rule 11 Sanctions As To Amended Complaint

**Filing Of Rule 11 Motion for Improper Purpose**

Plaintiff, Hilary Chulock hereby files her response to Defendants' Motion For Rule 11 Sanctions as to Amended Complaint. There is absolutely no merit to Defendants' Rule 11 Motion for Sanctions. Rule 11 Motion for Sanctions is rarely used and is an extraordinary remedy. Defendants' filing of a Rule 11 motion constitutes an abuse of process of the worst kind and was filed for all of the following reasons:

1) to force Plaintiff to withdraw her meritorious civil action

2) to retaliate and prevent Plaintiff from further reporting the action of SIGM to law enforcement or any other authority.

Page 1

3) <u>to prevent Plaintiff from reporting the the illegal and unethical actions of Defendant's counsel Michael Pike and Daniel Lustig;</u>

4) <u>to cover up the crimes of Defendants and its attorneys' ongoing criminal activities.</u>

The first tenet of Rule 11(b)(1) is that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Defendants Rule 11 Motion has violated the basis and the reason for the promulgation of the Rule. The factual contentions made in Defendants' Motion for Rule 11 Sanctions have no factual or evidentiary support, nor would they, upon further investigation or discovery. The Defendants, in fact, know all too well that the contentions contained within Plaintiff 's Amended Complaint are true, but desperately wish to conceal them from both this Court, law enforcement, their clients, and the general public.

Defendant's Rule 11 warning letter was used as a threat to Plaintiff with the purpose of having her withdraw this federal lawsuit. It was sent to Plaintiff in the middle of the night ( at 12: 52 AM) as a threat to withdraw her lawsuit. ( See composite composite Exhibit 1). Even when the end of the 21 day period had expired, Defendants still did not file the Rule 11 motion. Instead it was held as a threat over Plaintiff's head. It was not until Plaintiff had attempted to schedule the Joint Scheduling conference with Attorney Michael Pike and Daniel Lustig pursuant to the Court's order of July 17, 2014, that Defendant's Rule 11 Motion for Sanctions was actually filed.

By that time Plaintiff had already been the subject of a number of illegal harassing phone calls and emails trying to elicit , and sometimes successfully gleaning, information from the Plaintiff regarding her lawsuit. In trying to arrange for a mutually convenient time for both

Parties to confer, Plaintiff had emailed Defendants' counsel that she would be available  except for dates August 20th through the 22nd which referenced out of town trips  to Tallahassee, ( where the Florida Bar is located), West Palm Beach, and Stuart, ( where Mr. D.C., Counsel in an ongoing legal malpractice suit against Defendant Steinger Iscoe & Greene, P.A. and Sean Greene and Jeffrey Rollins is located). It is notable that Plaintiff, Hilary Chulock, had received an unsolicited email from Mr. D. C. just a few days prior to the actual filing of the Rule 11 motion. (see email composite exhibit 2).

When Plaintiff expressed her unavailability due to to her travel plans for the purpose of seeking counsel, and without confirmation of a firm date on which to confer with Defendants' counsel pursuant to the July 17th Order, ***then, and only then*,**  did Defendants' counsel actually file his Rule 11 Motion for Sanctions.  This was well after the 21 day safe harbor provision date had expired.  This action underscores the retaliatory nature of the filing, rather than any true and proper purpose for doing so.

**Good Faith Basis for Filing Amended Complaint**

Rule 11 requires the moving party must have evidence to support the rationale for the filing of their Rule 11 sanctions.  FRCP Rule 11(b)(3).   Defendnat provided no evidence that supported a claim for a rule 11 violation.  Plaintiff contended in hger complaint and Amended Complaiant that the "mandary" arbitration "agreement" was not valid for a number of reasons. Defendant has offered no evidence to the contrary.

Moreover, Plaintiff recognizes her cause of action in this federal forum is the appropriate and the only forum in which she may adjudicate her claims and make herself whole for both patent Gender Discrimination and Whistleblowing, as well as the retaliation by Defendants for filing both of these causes of action.

However, there is also a larger public interest at stake: Plaintiff's obligation to bring to light and report to appropriate authorities and the public the illegal activity of Defendants. The Defendants have in their sole possession r almost all recorded evidence of their continued pattern of criminal activity which includes: collusion, racketeering, improper referral relationships, and the defrauding of clients and insurance companies. As a four-month employee and a former (seven) 7 year veteran attorney employed by a well-respected insurance company, Travelers Indemnity Company, Plaintiff had the opportunity to witness the wrongdoing first-hand. In <u>Mercedes Lighting v. Dep't of Gen. Serv., 560 So.2d 272</u> (Fla. 1st DCA 1990),the court held that in considering what constitutes an improper purpose under section 120.57(1)(b) 5, "the courts should not delve into an attorney's or party's subjective *725 intent or into a good faith-bad faith analysis." Id. at 278. There is no doubt that Plaintiff has a good faith basis for bringing her lawsuit.

Plaintiff has information and first hand knowledge of illegal activities and acts committed by the Defendants which need to be brought to light. Many of these activities have not only cause great financial harm but in many cases physical harm to many of its own clients. Defendants have done everything possible to prevent Plaintiff from exposing the truth of their criminal activity, including filing with this Honorable Court a Emergency Motion to Seal immediately upon the filing of her lawsuit; threatening her with Rule 11 Sanctions; conducting a

campaign of ongoing threats, scare tactics and continuous telephone harassment in order to prevent her from further reporting Defendants' actions to the appropriate authorities. Defense counsel has gone so far as to misrepresent calendaring dates for the purpose of attempting to have her lawsuit dismissed for lack of timeliness. ( see composite exhibit 3). In Roadway Express, Inc v. Piper, 447 U. 552, (1980), the United States Supreme Court attempts to eliminate frivolous filings of Rule 11 Motion for Sanctions by parties in bad faith.  As stated before, Defendants offered no evidentiary support for their contention that a "frivolous" lawsuit had been filed. Plaintiff has a meritorious claim and Defendants will do anything to keep Plaintiff from going forward with her claim.  In fact, Michael Pike sent Plaintiff a suspicious letter the day after Plaintiff discovered his involvement in an ongoing plot of email and telephone harassment. ( letter attached as exhibit 4).  The day after Plaintiff realized that Michael Pike was connected to the email and telephone harassment, she received a letter from him with conflicting claims. Plaintiff concluded from Defendants' counsel's unusual letter that if she withdrew her lawsuit, he would withdraw his Rule 11 Motion. He knew that this motion was totally without merit and a violation of the rule itself.  This letter constituted yet another threat.

## Conclusion

Plaintiff maintains that there is no merit to Defendant's filing of a Rule 11 Motion for Sanctions.  Wherefore, Plaintiff prays that this Honorable Court will deny Defendants' Motion for Rule 11 Sanctions and will impose appropriate sanctions against Defendants and its counsel for knowingly bringing this frivolous motion as well as attorneys fees and costs for the necessity of filing this response.

Respectfully submitted,

/s/ Hilary N. Chulock, Esq.
The People's Law Firm, PLLC
935 N.E. 125th ST
North Miami, FL 33161
hchulock@icloud.com
ph:  (305)862-0456
fax: (305)862-0457

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished via email on this 9th day of September, 2014 to Counsel for Defendants: pike@turnpikelaw.com, lustig@turnpikelaw.com.

/s/   Hilary N. Chulock
Fla. Bar No. 672602
Pro Se Plaintiff
The People's Law Firm, PLLC
935 N.E. 125th ST
North Miami, FL 33161
hchulock@icloud.com
ph:  (305)862-0456
fax: (305)862-0457