UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80941-CIV-DIMITROULEAS/SNOW

HILARY CHULOCK

    Plaintiff,

vs.

STEINGER, ISCOE & GREENE, P.A.
and STEINGER, ISCOE, GREENE &
McAFEE, P.A.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S AMENDED MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

THIS CAUSE is before the Court on Defendants' Amended Motion to Stay Proceedings and Compel Arbitration, or Alternatively, Motion to Dismiss (the "Motion") [DE 24], filed herein on August 6, 2014. The Court has carefully considered the Motion [DE 24], and the Response [DE 35]. The Court is otherwise fully advised in the premises.

The parties to this action are Hilary N. Chulock, Esquire ("Plaintiff"); defendant Steinger, Iscoe & Green, P.A., a Florida Professional Association; and defendant Steinger, Iscoe, Greene & McAfee, P.A. (together, "Defendants"). Plaintiff was employed by Defendants for four (4) months. Defendants terminated Plaintiff on July 12, 2013. On July 15, 2014, Plaintiff initiated this action, asserting the following claims: (1) Count I – Whistleblower Claim; (2) Count II – Title VII Gender Discrimination; and (3) Count III – Retaliation Claim Under Title VII. Through the instant Motion [DE 24], Defendants seek to compel arbitration pursuant to an arbitration agreement.

1

Pursuant to the Federal Arbitration Act (the "FAA"), "[t]he role of the courts is to rigorously enforce agreements to arbitrate." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (internal quotations omitted)). Accordingly, "the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2-4).

On April 17, 2013, Plaintiff and Defendants entered into an employment agreement with the following arbitration provision:

> 20. Arbitration: With the exception of any claim for temporary injunctive relief pursuant to paragraph 11, any controversy or claim arising out of or relating to any provision of this agreement or breach thereof, shall be settled by arbitration in Palm Beach County in accordance with the rules then in effect of the American Arbitration Association, to the extent consistent with the laws of the State of Florida. It is agreed that any party to any award rendered in any such arbitration proceedings may seek a judgment upon the award and that judgment may be entered thereon.

[DE 24-2 at 7]. On May 30, 2013, Plaintiff and Defendants executed a mandatory agreement to arbitrate claims, which provided, in relevant part, as follows:

> [] The claims covered by this Agreement include, but are not limited to, claims regarding or disputing the enforceability of this Agreement, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort or negligence claim; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity, or gender identity, or medical condition or disability); claims for "whistle blowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance and any type of damages in any form.

[DE 24-3 at 2].

The Court finds that Plaintiff entered into a written arbitration agreement that is enforceable and that the claims before the Court fall within the scope of that agreement. There is no colorable argument that Plaintiff's whistleblower, Title VII, and retaliation claims do not fall within the scope of the above language. Indeed, Plaintiff has initiated arbitration asserting the same claims. *See* [DE 24-1 at 7-12].

Moreover, Plaintiff's arguments in opposition to an order compelling arbitration are not persuasive. Plaintiff contends that the arbitration agreement is procedurally and substantively unconscionable. Specifically, Plaintiff contends that she was instructed to either sign the documents or face termination and a withholding of earned compensation. Additionally, Plaintiff contends that the arbitration agreements are one-sided and unfair.

The FAA does "allow state law to invalidate an arbitration agreement, provided the law at issue governs contracts generally and not arbitration agreements specifically." *Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 875 (11th Cir. 2005). "To determine whether a contract is procedurally unconscionable under Florida law, courts look to several factors: (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented on a 'take-it-or-leave-it' basis; and (4) the complaining party's ability and opportunity to understand the disputed terms of the contract." *Jones v. Sallie Mae, Inc.*, No. 3:13–cv–837–J–99MMH–MCR, 2013 WL 6283483, at *6 (M.D. Fla. Dec. 4, 2013 (citing *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1135 (11th Cir. 2010)). "A contract is substantively unconscionable if its terms are so outrageously unfair as to shock the judicial conscience." *Id.* at *7 (internal quotations omitted).

In light of these factors, the Court does not find procedural or substantive unconscionability.  Plaintiff is a licensed attorney who entered into an agreement with her employer.  She could have negotiated the arbitration provisions, and she certainly had an ability and opportunity to understand the arbitration provisions.  Although the contract(s) were provided on a "take it or leave it" basis, that factor alone does not establish unconscionability as to an arbitration agreement between an attorney and her employer.  Finally, the terms, as quoted above, are not so outrageously unfair as to shock the judicial conscience.  The arbitration agreements provide Plaintiff with a mechanism for adjudicating her claims, and she has initiated that process.  Thus, the Court finds no basis to depart from its role under the FAA to rigorously enforce arbitration agreements.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 24] is **GRANTED**;
2. The Court **COMPELS** arbitration as to Plaintiff's claims against Defendant and **STAYS** the case;
3. Every sixty (60) days from the date of this Order, Plaintiff shall file a status report on the arbitration;
4. Failure to file a timely status report may result in the immediate dismissal of this action; and
5. The Clerk shall administratively **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of September, 2014.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record