UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14 –809941- Civ Dimitrouleas/Snow

HILARY CHULOCK,

    Plaintiff,

vs.

STEINGER, ISCOE & GREENE, P.A.
and STEINGER, ISCOE, GREENE &
McAFEE, P.A.

**PLAINTIFF'S STATUS REPORT**

**COMES NOW** Plaintiff, HILARY CHULOCK, and files this status report and seeks clarification with regard to this Court's Order Compeling Arbitration (DE #45). Plaintiff has attempted to go forward in arbitration; however, Arbitrator Buckstein from The American Arbitration Association ("AAA") has made it clear that he will not allow Plaintiff to proceed in arbitration and has set a final evidentiary hearing for November 12, 2014, within two weeks of scheduling a preliminary hearing on October 28, 2014 . This ruling follows notification to AAA and the arbitrator and opposing counsel that Plaintiff has been hospitalized twice during this sixty (60) day period for treatment for a major depression. The arbitrator has not even allowed for discovery or depositions in Plaintiff's matter. Rather, the arbitrator has made exclamations such as: "This is disruptive to my life; " "Don't make me laugh" ( when Plaintiff suggested that

1

setting a final hearing without allowing depositions, discovery, or even the presence of her own counsel at the hearing was patently unfair and unduly prejudices her through no fault of her own). Plaintiff requested of the arbitrator the minutes of today's proceedings of November 3, 2014, to which he scoffed, and said "Are you kidding me? There are no minutes."

Plaintiff's counsel's paralegal called at the outset of the telephonic hearing scheduled November 3, 2014 and informed the parties participating in the telephone conference that Plaintiff's counsel, David Chesnut, was not well and that he would need to cancel the hearing. The arbitrator then suggested to opposing counsel Michael Pike that he should file a motion for sanctions. In fact, Michael Pike agreed and filed sanctions three (3) hours after the hearing.

Furthermore, Arbitrator Buckstein informed all parties that he intended to "dispose" of this matter at the final hearing, scheduled for November 12, 2014. When Plaintiff protested that she had no representation on the call of today's date, much less any discovery or an opportunity to present evidence to support her claims, the arbitrator indicated that Plaintiff could do whatever she wanted but the final hearing was going forth, regardless of the jeopardy in which Plaintiff was placed.

Prior to the initial hearing in Arbitration, Plaintiff had been hospitalized for depression on two separate occasions, from September 21, 2014- September 26, 2014 and again from Monday October 6- October 8, 2014 making retention of an attorney by her impossible and required the assistance of her family to help obtain counsel. Prior to this time, Plaintiff has never suffered from or treated or hospitalized for a major depressive episode. Plaintiff's family chose David Chesnut, an attorney who is in good standing with the Florida Bar. Mr. Chesnut has attempted to resolve this matter with Attorney Michael Pike. however Michael Pike sent a document that was

entirely one-sided, which upon review, unduly favored Defendants, Plaintiff informed her counsel that the settlement agreement needed to be revised to more fairly reflect a mutual and balanced agreement.

Plaintiff had no knowledge of the negotiations that may have occurred between Mr. Pike and Mr. Chesnut. She requested phone conferences to discuss any settlement and possible revisions; however, Mr. Chesnut has not been available to discuss any settlement or revisions this past week. He has not gotten back to her with any changes or discussion regarding her options or revisions to the agreement. Plaintiff does not know whether Mr. Chesnut intends to continue Plaintiff in the matter of a possible settlement agreement or whether it will be necessary for her to start over with vetting and obtaining an agreement for new counsel to represent her in this matter.

**WHEREFORE,** for the reasons set forth above, and in the interest of fairness and justice, Plaintiff seeks clarification whether she may file a notice of appeal and reconsideration , despite being unable to timely file such notices due to her hospitalization and continuing recovery, such that she may receive the relief that she seeks, namely a trial by jury, and/or a fair hearing and trial on this matter on the merit with discovery.

      Respectfully Submitted,

      S/Hilary N. Chulock____

      HILARY N.CHULOCK, ESQ.
      Florida Bar Number:  672602
      hchulock@icloud.com
      935 NE 125th ST
      North Miami, FL 33161
      Telephone No.:   (305)892-0456
      Facsimile No.  :  (305)892-0457


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 3rd day of November, 2014 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael J. Pike and Daniel Lustig.


      **HILARY N. CHULOCK**
      935 NE 125th ST
      North Miami, FL 33161
      Telephone No.:   (305)892-0456
      Facsimile No.  :  (305)892-0457


By: _S/HILARY CHULOCK_____
  HILARY CHULOCK, ESQUIRE
  Florida Bar Number:  672602